To the same effect as the above is the holding in the case of Wright v. State, 17 Tex.App. 152, to which we are also cited.

Appellant also vigorously asserts that the confession was involuntarily made in that he was frightened into making the same. The testimony does not bear out such contention because the appellant himself corrected the confession as it was written and placed his own initials above the correction. Nowhere does he contend that any violence was done to him or that he was mistreated in any way, but he merely claims that his confession was involuntary because he was under arrest at the time it was made. It appears that these matters were passed upon by the court to the satisfaction of the appellant. In any event, the testimony does not show that there was any intimidation of any kind.

Under the facts presented, we think this cause should be affirmed, and it is so ordered.

On Appellant's Motion
For Rehearing

DAVIDSON, Judge.

We entertain no doubt as to the correctness of our original conclusion that the testimony of an accomplice witness, together with the confession of the accused, is sufficient to establish the corpus delicti of an offense. Kugadt v. State, supra. Appellant's views to the contrary are not tenable.

Appellant again stresses that his plea of former jeopardy was well taken—this, under the theory that the state's testimony showed but one offense and that he had been fully prosecuted therefor.

The rule relied upon by appellant, Spannell v. State, 83 Tex.Cr.R. 418, 203 S.W. 357, 2 A.L.R. 593, has application only when there is a single act supported by one volition.

Here, the facts show two separate acts with separate volitions. The rule relied upon by appellant has no application here.

Believing a correct conclusion was reached originally, the motion for rehearing is overruled.

### Ex parte Tommy Lee TUCKER.

### No. 27435.

Court of Criminal Appeals of Texas.

Jan. 19, 1955.

No attorney on appeal for appellant.

Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM.

This is an appeal from the refusal of application to reduce bail.

Accompanying the record is the affidavit of appellant requesting the dismissal of the appeal. The request is granted. The appeal is dismissed.